# EXHIBIT A

# DECLARATION OF DONALD LAFFERT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE PRIVATE SUITE IAD, LLC,

           Plaintiff,

      v.

METROPOLITAN WASHINGTON
AIRPORTS AUTHORITY,

           Defendant.

Civil Action No. 1:26-cv-00349

**DECLARATION OF DONALD LAFFERT, CONTRACTING OFFICER,
IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR TEMPORARY INJUNCTIVE RELIEF**

1.  I am employed by the Metropolitan Washington Airports Authority ("Airports Authority") and serve as a Procurement Director and Contracting Officer within the Office of Supply Chain Management. I am authorized to make this declaration on behalf of the Airports Authority.

2.  I have personal knowledge of the facts set forth in this declaration based on my role in connection with the Airports Authority procurement for Remote VIP Passenger Services at Washington Dulles International Airport, Solicitation No. RFP-25-24520 (the "Solicitation"), or based on my review of the procurement records maintained in the ordinary course of business. If called as a witness, I could and would testify competently to the matters stated herein.

3.  As of the date of this declaration, the Airports Authority has not made an award under Solicitation No. RFP-25-24520.

4.  The Contracting Officer has not identified an apparent successful offeror, and a responsibility determination has not been made with respect to any offeror.

1

5. Plaintiff The Private Suite IAD, LLC ("PS IAD") submitted a proposal in response to the Solicitation and that proposal remains under consideration in the procurement.

6. The Solicitation is a concessions procurement under which the selected concessionaire will pay ground rent, a Minimum Annual Guarantee, and other revenue based consideration to the Airports Authority.

7. For concessions procurements, the Airports Authority's Contracting Manual expressly authorizes the use of a Highest Price Technically Acceptable ("HPTA") evaluation methodology, under which award is based on the highest offered price among proposals that meet the Solicitation's technical acceptability requirements.

8. The HPTA methodology is used by the Airports Authority in appropriate concessions procurements to align the evaluation method with the Authority's objective of maximizing revenue while ensuring technical acceptability, consistent with the Contracting Manual.

9. Amendment 2 to Solicitation No. RFP-25-24520 revised the description of how financial offers would be evaluated.

10. As revised, financial offers are evaluated to determine whether they are complete and responsive to the requirements set forth in the Solicitation, consistent with the HPTA methodology.

11. Amendment 2 did not eliminate the Contracting Officer's obligation to apply the Solicitation's technical requirements, responsibility standards, or other contractual safeguards prior to award.

12. Under the Airports Authority's Contracting Manual and the Solicitation, no contract award may be made unless the selected offeror is determined to be responsible.

13. Responsibility determinations include consideration of an offeror's financial resources or ability to obtain such resources, as well as other factors identified in the Contracting Manual.

14. In addition, the Solicitation requires the successful offeror to provide a Performance Guarantee equal to 100% of the Minimum Annual Guarantee, which is subject to claim in the event of default or failure to perform.

15. These responsibility requirements and performance protections apply regardless of the evaluation methodology used and are applied by the Contracting Officer before any award decision is made.

16. The procurement for Remote VIP Passenger Services involves coordination among multiple Airports Authority departments, including operational planning, security coordination, and facilities planning. A court ordered halt of the procurement would disrupt Airports Authority planning and administrative processes, require the reallocation of staff resources, and delay implementation of a revenue generating airport concession intended to support airport operations and passenger services.

17. These impacts would occur regardless of the ultimate outcome of the procurement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of February 2026, in Arlington, Virginia.

Donald Laffert
Procurement Director and Contracting Officer
Metropolitan Washington Airports Authority