**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **The Private Suite IAD, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 1:26-cv-349** |
| **Metropolitan Washington Airports** | ) | |
| **Authority,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**MOTION FOR LEAVE TO AMEND COMPLAINT**

---

The Private Suite IAD, LLC ("PS IAD") respectfully moves this Court for leave to amend its original complaint against the Metropolitan Washington Airports Authority ("MWAA"). Because MWAA has announced its intent to award the nine-figure contract at the center of this procurement dispute to PS IAD's competitor, daa International ("DAAI"), leave to amend is merited so the operative pleadings reflect that salient fact.

**FACTUAL AND PROCEDURAL HISTORY**

As prior briefing makes clear, this is a lawsuit about MWAA's uncompetitive, arbitrary, and capricious efforts to award a nine-figure contract to a preordained awardee. PS IAD sued MWAA to put a stop to that behavior on February 5, 2026, ECF No. 1, and sought a temporary restraining order requiring MWAA to pause its award of the contract pending the outcome of this litigation. ECF No. 2. This Court denied that relief, preliminarily reasoning that PS IAD had not suffered a cognizable injury because "MWAA's award decision has not yet manifested." ECF No. 14 at 14. Soon thereafter, MWAA moved to dismiss the case altogether, relying in significant part on the Court's initial conclusion that PS IAD had not yet suffered an injury. ECF No. 15-1 at 7.

PS IAD disputed—and continues to dispute—that MWAA's ultimate award of a contract was legally or factually necessary for PS IAD to assert its claims under the law of this Circuit, which correctly recognizes that illegality in a procurement is itself the cognizable injury for purposes of Article III standing. ECF No. 16 at 3–5 (citing, among other things, *Nat'l Mar. Union of Am. v. Commander, Mil. Sealift Command*, 824 F.2d 1228, 1234 (D.C. Cir. 1987)).  But the importance of that dispute has now diminished because, on May 22, 2026, MWAA announced its intent to award a $125 million contract to DAAI.  PS IAD moves for leave to amend.

## ANALYSIS

"Guiding analysis of [a] plaintiff's motion to amend the Complaint is application of the rule for amending pleadings—Federal Rule of Civil Procedure 15." *Perkins Coie LLP v. U.S. Dep't of Just.*, 780 F. Supp. 3d 227, 234 (D.D.C. 2025). "Federal Rule of Civil Procedure 15(a)(2) provides, when unable to do so as of right under Rule 15(a)(1), that 'a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). "The standard is 'liberal,' and denial of leave to amend is an abuse of discretion without providing a reasoned justification for the denial." *Id.* at 234–35 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), and  *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016)) (marks omitted).

"Under Rule 15, the non-movant generally carries the burden in persuading the court to deny leave to amend." *Orozco v. Bondi*, 2026 WL 836294, at *4 (D.D.C. Mar. 26, 2026) (quotation marks, citations, and brackets omitted). Further, "in assessing a motion for leave to amend, the Court is required to assume the truth of the allegations in the amended complaint and construe them in the light most favorable to the movant." *Flaherty v. Pritzker*, 322 F.R.D. 44, 46 (D.D.C. 2017). "When evaluating whether to grant leave to amend, the Court must consider (1) undue

delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. D.C.*, 73 F.3d 418, 425 (D.C. Cir. 1996)). Here, these factors all favor the Court granting PS IAD leave to amend.

*First*, there is no undue delay. PS IAD files this motion within days of MWAA's notice of its intent to award the contract to DAAI. Further, the amendment "does not 'radically alter the scope and nature of the case,'" but simply "respond[s] to the change in circumstances caused by" MWAA's intended award of the contract to DAAI. *Bell v. Cont'l Ins. Co.*, 2018 WL 11411224, at *2 (D.D.C. Feb. 2, 2018) (quoting *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009)). Put another way, PS IAD continues to assert the same claims against MWAA but now supports them with the additional fact that MWAA has consummated its arbitrary and capricious actions with an intended award to PS IAD's competitor. This factor supports granting PS IAD leave to amend.

*Second*, there is no prejudice to MWAA, whose actions precipitated PS IAD's need to amend. This case remains at the motion to dismiss stage, and MWAA's stated intent to award the contract merely clarifies the existing litigation landscape—including by confirming PS IAD's position that an award to DAAI was inevitable because of MWAA's arbitrary and capricious modifications to the solicitation and other improper decisions made by MWAA throughout the procurement process. This factor also supports granting PS IAD leave to amend.

*Third*, the amendment is not futile, as it seeks to add material factual allegations to this case that alleviate a concern held by the Court regarding PS IAD's standing to bring its claims. Though MWAA is sure to argue that its alternative motion-to-dismiss arguments should carry the day, MWAA's announcement of its intent to award the contract to DAAI has eliminated MWAA's

first-order dismissal argument and therefore cannot be reasonably characterized as futile. This factor, too, favors granting PS IAD leave to amend.

**Fourth**, there is no bad faith on PS IAD's part. As explained, PS IAD's proposed amendment merely responds to a change in circumstances caused by MWAA—and undertaken by MWAA at the time of its own choosing—and seeks to remedy a perceived deficiency identified by the Court. Again, "this case is not 'on the verge of final resolution'—discovery has not begun and a trial date has not been scheduled—and so there is no 'spectre of bad faith' or appearance that Plaintiff is 'attempting to resuscitate previously-rejected claims.'" *Gil v. Neighbors' Consejo*, 2023 WL 4405002, at *2 (D.D.C. July 7, 2023) (quoting *Hoffman v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003)). This factor further militates in favor of granting PS IAD leave to amend.

**Finally**, "because this is the first time that the plaintiff seeks to amend the complaint, the court cannot conclude that the plaintiff has repeatedly failed to cure deficiencies by previous amendments." *Nat'l City Mortg. Co. v. Navarro*, 220 F.R.D. 102, 105–06 (D.D.C. 2004). This factor points towards granting PS IAD leave to amend, too.

Pursuant to this Court's standing order and the Court's Local Rules, PS IAD attaches a draft pleading in redline that highlights the differences in PS IAD's original complaint and its proposed amended complaint. *See* Exhibit A(Redlined Amended Complaint); Exhibit B (Clean Version).

## CONCLUSION

PS IAD satisfies Rule 15's liberal standard for amendment. PS IAD respectfully requests that the Court grant it leave to amend its complaint.

**RESPECTFULLY SUBMITTED** this the 4th day of June, 2026.

**THE PRIVATE SUITE IAD, LLC**

4933-0650-4111.1

/s/ *R. Sumner Fortenberry*
Andrew J. Narod (D.C. Bar No. 1006083)
Erik M. Coon (D.C. Bar No. 1656075)
Bradley Arant Boult Cummings LLP
1900 K Street, NW
Suite 800
Washington, D.C. 20006
P: 202.719.8271
F: 202.719.8371
anarod@bradley.com
ecoon@bradley.com

R. Sumner Fortenberry (MS Bar No. 106292)
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
188 E. Capitol St., Suite 1000
Jackson, MS 39202
Tel: (601) 592-9922
Email: sfortenberry@bradley.com

*Attorneys for The Private Suite IAD, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing on all counsel of record on the date set out above.

/s/ *R. Sumner Fortenberry*
R. Sumner Fortenberry

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 4, 2026, I conferred with counsel for MWAA, and they oppose the relief requested in this motion.

/s/ *R. Sumner Fortenberry*
R. Sumner Fortenberry

4933-0650-4111.1