**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE PRIVATE SUITE IAD, LLC,

      Plaintiff,

      v.

METROPOLITAN WASHINGTON
AIRPORTS AUTHORITY,

      Defendant.

Civil Action No. 26-cv-349 (BAH)

Judge Beryl A. Howell

**DEFENDANT METROPOLITAN WASHINGTON AIRPORTS AUTHORITY'S
OPPOSITION TO PLAINTIFF THE PRIVATE SUITE IAD, LLC'S
<u>MOTION FOR LEAVE TO AMEND ITS COMPLAINT</u>**

Defendant METROPOLITAN WASHINGTON AIRPORTS AUTHORITY ("Airports Authority"), pursuant to Local Civil Rule 7(b) and in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure, respectfully submits its opposition to Plaintiff THE PRIVATE SUITE IAD, LLC's ("PS IAD" or "Plaintiff") Motion for Leave to Amend its Complaint, ECF No. 18, and states as follows:

**I.      INTRODUCTION**

On May 22, 2026, the Airports Authority sent offerors, including PS IAD, a Notice of Intent to Award ("Notice").  Based on this Notice, PS IAD seeks to amend its complaint to state that the Airports Authority has expressed its intent to award a Contract—for construction and operation of a luxury private terminal at Washington-Dulles International Airport—to an offeror other than PS IAD.  Mot. to Amend at 1, ECF No. 18 ("Because [the Airports Authority] has announced its intent to award the nine-figure contract at the center of this procurement dispute to

PS IAD's competitor, daa International … , leave to amend is merited so the operative pleadings reflect that salient fact."). PS IAD has requested no other amendment.

PS IAD's amendment request is premature. The Notice is not an award decision. Ex. A, Lewis Decl. ¶ 5. It only informs offerors that an award decision is forthcoming from the Airports Authority Board of Directors ("Board"), which must still approve the presumed awardee prior to an award being issued. *Id.* The decision to approve or disapprove will not be made until July 2026 at earliest. *Id*. In other words, the Board may yet reject the proposed award.

The Court and the parties have been down this road previously. As the Court already addressed, PS IAD's claims are not ripe until the Airports Authority issues an award decision, *see* Mem. & Order on Pl.'s TRO Request at 2, ECF No. 14, and for this reason (among others) the Airports Authority has moved to dismiss PS IAD's original complaint, *see* Def.'s Mot. to Dismiss at 2, ECF No. 15-1. PS IAD's amendment request would thus change nothing: Whether under an amended complaint or under the original complaint, PS IAD's claims are not ripe. Amendment is therefore futile. *See, e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)) (denying a "motion to amend a complaint" is proper when amendment is "futile ... if the proposed claim would not survive a motion to dismiss."); *Moldea v. New York Times*, 22 F.3d 310, 319 (D.C. Cir. 1994), *cert. denied,* 513 U.S. 875 (1994)). Accordingly, for that reason, the Court should deny PS IAD's Motion for Leave to Amend its Complaint.

PS IAD's Motion for Leave to Amend its Complaint is futile for an additional independent reason: On May 29, 2026, following receipt of the Notice, PS IAD submitted a pre-award protest with the Airports Authority with similar claims as alleged in PS IAD's proposed amended complaint. *See* PS IAD's Proposed Amended Compl., ECF No. 18-1 at 15–18; *see also* Ex. A,

Lewis Decl. ¶ 8.  On June 8, 2026, the Airports Authority timely responded to PS IAD's protest by letter from the Airports Authority's Interim Vice President, Office of Supply Chain Management ("VP-OSCM") denying all PS IAD's claims.  Ex. A, Lewis Decl. ¶ 9.  But two levels of review in that process have yet to be exhausted.  PS IAD's protest is still active until at least June 15, 2026, because PS IAD can ask for a secondary review of its protest from the Airports Authority's President Chief Executive Officer ("CEO") within seven (7) days of the date of the VP-OSCM letter.  *Id.* ¶ 10.  After the CEO renders a decision, PS IAD can be afforded a tertiary review of its protest from the Airports Authority's Board by petition within seven (7) days of the date of the CEO's decision letter.  *Id.* ¶ 11.  Under the Contracting Manual, the decision of the Board is final.  The Court should let this process complete because the Airports Authority's resolution of PS IAD's protest—which will likely be resolved soon, once PS IAD's additional review rights have lapsed—is currently not finalized.  Because the outcome of PS IAD's protest is in flux, it would be futilely premature to amend the complaint until it is complete.  This reason is independently sufficient to deny PS IAD's request.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 5, 2026, PS IAD filed its complaint.  Compl., ECF No. 1.  That same day, PS IAD sought a Temporary Restraining Order to enjoin the Airports Authority from making a final selection of the winner of the Contract.  PS IAD's Emergency Mot. For Temporary Injunctive Relief, ECF No. 2.  On February 14, 2026, the Court denied PS IAD's Temporary Restraining Order request for two primary reasons.  Mem. & Order at 2, ECF No. 14.  First, PS IAD "is still in the running to win the contract targeted by the requested emergency injunctive relief and thus has suffered no injury."  *Id*.  Second, "no matter the merits of plaintiff's disagreements with and

critiques of [the Airports Authority's] chosen and authorized methodology to evaluate bid proposals and award the contract, such disagreement does not constitute injury at all." *Id.*

On February 26, 2026, the Airports Authority moved to dismiss the original complaint because, among other reasons, PS IAD's claims were unripe. *See* Def.'s Mot. to Dismiss at 2, ECF No. 15-1. On March 12, 2026, PS IAD filed its response in opposition. Pl.'s Resp., ECF No. 16. On March 19, 2026, the Airports Authority filed its reply memorandum. Def.'s Reply, ECF No. 17.

On May 22, 2026, the Airports Authority sent PS IAD the Notice. Ex. A, Lewis Decl. ¶ 7. The Notice is not an award decision. *Id*. ¶ 5. Instead, it informs offerors that an award decision is forthcoming and the possible (but not guaranteed) award result. *Id*. On May 29, 2026, PS IAD submitted a pre-award protest with the Airports Authority based, in part, on this Notice. *Id.* ¶ 8. On June 4, 2026, based on the Notice, PS IAD moved for leave to amend its original complaint. Mot. to Amend, ECF No. 18.

On June 8, 2026, the Airports Authority responded to PS IAD's protest by sending PS IAD a letter from the VP-OSCM. Ex. A, Lewis Decl. ¶ 9. The VP-OSCM letter denied all of PS IAD's claims. *Id.* On or before June 15, 2026, PS IAD may appeal the VP-OSCM's decision to the CEO. *Id.* ¶ 10. After the CEO renders a decision, PS IAD can petition the Airports Authority's Board for review of PS IAD's protest within seven (7) days of the date of the CEO's decision. *Id.* ¶ 11.

## III.   STANDARD OF REVIEW

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the [C]ourt's leave[, and t]he [C]ourt should freely give leave when justice so requires." "[T]he non-movant generally carries the burden in persuading the [C]ourt to deny leave to amend." *Orozco v. Bondi*, 2026 WL 836294, at *4 (D.D.C.

Mar. 26, 2026) (cleaned up).  The Court may deny leave under any of the five situations: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [5] futility of amendment."  *Foman*, 371 U.S. at 182.  An amendment is futile if the resulting complaint would still fail to survive a motion to dismiss.  *James Madison Ltd. by Hecht*, 82 F.3d at 1099.

## IV.    ARGUMENT

The Court should <u>deny</u> PS IAD's Motion for Leave to Amend its Complaint because, as the Court recognized when denying PS IAD's Temporary Restraining Order, PS IAD's claims are premature since the Airports Authority has not awarded the Contract.  The Notice did not change that PS IAD still has not crossed this required threshold to ripen its claims.  Additionally, PS IAD's amendment is futile because PS IAD's protest before the Airports Authority is still pending until PS IAD's additional review rights, with the CEO and/or the Airports Authority Board, have lapsed. It would be futilely premature to amend the complaint until this process has resolved.  Either reason is sufficient to deny PS IAD's Motion for Leave to Amend its Complaint.

### A.    PS IAD's Motion for Leave to Amend Its Complaint Should Be Denied Because PS IAD's Claims Are Still Unripe as the Notice Did Not Award the Contract.

PS IAD seeks to amend its complaint because of the Notice informing PS IAD of the Airports Authority's intention to award the Contract in the near future.  Mot. to Amend. at 1, ECF No. 18.  But that Notice did not change the operative fact, which is that the Airports Authority has still ***not made an award of the contract***.  Ex. A, Leiws Decl. ¶¶ 3, 5.  The Notice only informed PS IAD that the Airports Authority may ultimately not award the contract to PS IAD—"something that 'may or may not occur'"—and will formalize that decision soon.  *Strata-G Sols., LLC v. United States*, 178 Fed. Cl. 316, 321 (2025) (quoting *Sys. Application & Techs., Inc. v. United*

*States*, 691 F.3d 1374, 1383 (Fed. Cir. 2012)) (dismissing challenge to evaluation of proposals as unripe). PS IAD's alleged injury remains hypothetical and unripe, which is the reason the Court already denied PS IAD's Temporary Restraining Order. *Compare* Mem. & Order, ECF No. 14 at 2 (concluding that PS IAD "has suffered no injury" because "no decision has yet been made to award the contract to plaintiff or its competitor."), *with* Mot. to Amend at 1, 3–4, ECF No. 18. Heeding the Court's reasoning, the Airport Authority has moved to dismiss PS IAD's original complaint because PS IAD's lacks standing. Def.'s Mot. to Dismiss at 2, ECF No. 15-1.

"[I]f the proposed claim would not survive a motion to dismiss," the Court may deny a "motion to amend a complaint" as "futile." *James Madison Ltd. by Hecht*, 82 F.3d at 1099. PS IAD's claim is still unripe because it has "suffered no injury in being informed" by the Notice that announced the Airports Authority's upcoming decision. *Strata-G Sols., LLC*, 178 Fed. Cl. at 321. The Court already denied PS IAD's Temporary Restraining Order Motion for this identical reason. Mem. & Order, ECF No. 14 at 2. And, the Airports Authority has moved to dismiss for this very reason. Def.'s Mot. to Dismiss at 2, ECF No. 15-1. Because the facts in this case have not substantially changed and, therefore, PS IAD's complaint, amended or otherwise, should still be dismissed for lack of standing, as PS IAD's "amendment [is] futile." *James Madison Ltd. by Hecht*, 82 F.3d at 1099.

Although PS IAD recognizes that the Airports Authority has moved to dismiss PS IAD's complaint for its unripe claims, based on what PS IAD calls the Airports Authority's "first-order dismissal argument," Mot. to Amend. at 3–4, ECF No. 18, PS IAD does not address that the Airports Authority has moved to dismiss on two other grounds—those being, the Court lacks jurisdiction under the Enabling Act to hear PS IAD's claims and that, even if PS IAD had standing to bring its claims and the Court has jurisdiction to review those claims, PS IAD's original

6

complaint fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]   Mot. to Dismiss at 2–3, ECF No. 15-1.  PS IAD never suggests its revisions would resolve the two other reasons for dismissal.  Mot. to Amend at 3–4, ECF No. 18.  Therefore, dismissal is still warranted for these two reasons, making amendment futile by definition.  *James Madison Ltd. by Hecht*, 82 F.3d at 1099.

For any of the above reasons, the Court should thus deny PS IAD's Motion for Leave to Amend its Complaint.

> **B.    PS IAD's Motion for Leave to Amend its Complaint Should Be Denied for an Additional Independent Reason: PS IAD's Protest Before the Airports Authority is Still Pending Until PS IAD's Additional Review Rights Have Lapsed.**

Notwithstanding the above, the Court should deny PS IAD's Motion for Leave to Amend Its Complaint because PS IAD, by filing a protest with the Airports Authority, has initiated a process that potentially could result in the Airports Authority changing its intended awardee.  Ex. A, Lewis Decl. ¶ 8.  Although the VP-OSCM has denied PS IAD's protest, the denial does not automatically resolve PS IAD's protest because it still has available a secondary and a tertiary review by the Airports Authority's CEO and Board, respectively.  *Id.* ¶¶ 9–11.  If the VP-OSCM's

---

[1] Indeed, the Court has already recognized an inherent flaw in PS IAD's argument that the Enabling Act binds the Airport Authority to apply Federal Acquisition Regulation ("FAR") contracting principles: the "FAR applies only to acquisitions by the Federal Government with appropriated funds, not to revenue-generating concessions contracts" Mem. & Order, ECF No. 14 at 7–8 n.7 (cleaned up) and "[n]owhere does plaintiff dispute that the methodology employed by [Airports Authority] in the current RFP is authorized in [the Airports Authority's] governing Contracting Manual." *Id.*  PS IAD's request to amend does not resolve this fatal flaw.

decision is erroneous, PS IAD has the opportunity to identify the errors and the Airports Authority can still correct them.  The Airports Authority therefore should be allowed to complete the process before the Court is involved.  This point is especially true because PS IAD's protest before the Airports Authority and its action before the Court concern essentially identical issues.  *Compare* Ex. A, Lewis Decl. ¶ 8, *with* PS IAD's Proposed Amended Compl., ECF No. 18-1 at 15–18.  So, if the Airports Authority takes corrective action due to PS IAD's protest, it could moot the dispute before the Court.  Because the outcome of PS IAD's protest is in flux, it would be futilely premature to amend the complaint until the protest process is complete.  The Court should deny PS IAD's Motion for Leave to Amend its Complaint for this additional independent reason as well.

## V.     CONCLUSION

For the foregoing reasons, the Court <u>deny</u> PS IAD's Motion for Leave to Amend its Complaint, ECF No. 18.

DATED:  June 12, 2026                     Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By:  */s/ Edward V. Arnold*
                                               Edward V. Arnold
                                               (D.C. Bar No. 1010273)
                                               earnold@seyfarth.com

                                               Ken M. Kanzawa
                                               (D.C. Bar No. 219076) *Pro hac vice*
                                               kkanzawa@seyfarth.com


SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004-1454
Telephone:  (202) 463-2400
Facsimile:  (202) 828-5393

*Attorneys for Defendant*
*Metropolitan Washington Airports Authority*

9