**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **The Private Suite IAD, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:26-cv-349** |
| | ) | |
| **Metropolitan Washington Airports** | ) | |
| **Authority,** | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

---

On May 22, 2026, the Metropolitan Washington Airports Authority ("MWAA") notified The Private Suite IAD, LLC ("PS IAD") that it had "completed" its "evaluation" of the two proposals it received for a luxury private terminal at Dulles Airport and that it "intends to award a contract to daa International in the amount of $125,000,000." Previously, this Court was concerned that it lacked jurisdiction over this action because "no decision has yet been made to award the contract to plaintiff or its competitor." ECF No. 14 at 2. Now, that's no longer a concern: MWAA has said it intends to award the contract to daa International, not PS IAD.

MWAA nonetheless resists the amendment, claiming "futility" because:

(1) It hasn't *really* made a decision, and it might change its mind.

(2) Its actions can't be reviewed for compliance with sound government contracting principles or for being arbitrary and capricious, despite holdings from this Court and others to the contrary.

(3) It should have time to review a *separate* protest filed by PS IAD, despite there being no exhaustion requirement in its Contracting Manual or the relevant statutory scheme.

None of MWAA's counterarguments undercut the reasonableness of PS IAD's request for amendment. The Court should allow PS IAD to docket its amended complaint.

**I.      PS IAD had standing for a pre-award protest. It certainly has it now that MWAA has announced its intent to award a contract to PS IAD's competitor.**

MWAA's primary response to PS IAD's request for amendment is to claim that it's futile because MWAA hasn't *really* made a decision to award the contract to daa International. ECF No. 19 at 5–6. According to MWAA, this is because "an award decision is forthcoming from the Airports Authority Board of Directors [ ], which must still approve the presumed awardee prior to an award being issued." ECF No. 19 at 3.

MWAA's hyper-technical position does not make PS IAD's motion for leave to amend "futile." Though MWAA conspicuously avoids quoting its language, MWAA's notification to PS IAD makes it clear: MWAA is awarding the contract to daa International, and MWAA is *not* awarding the contract to PS IAD:



Solicitation Number: RFP-25-24520

Solicitation Title: Remote VIP Services Facility, IAD

The Metropolitan Washington Airports Authority (Airports Authority) has completed the evaluation of proposals for the Remote VIP Services Facility, IAD – RFP 25-24520. The Airports Authority intends to award a contract to daa International in the amount of $125,000,000 for the total Ground Rent and Minimum Annual Guarantee.

We appreciate the time and effort you expended in responding to this solicitation and regret that we will be unable to work with you at this time. We encourage you to visit our website frequently for future contracting opportunities.

Donald Laffert
Procurement Director
703-417-8433

Ex. 1, Email. Indeed, MWAA's *own affiant* has characterized MWAA's notification of intent to award as a "decision to award the contract to daa [International]." *See* Ex. 2, Lewis Letter, at 2.

Semantics aside, MWAA's position is the authority's latest misapprehension of basic principles of standing. For one, PS IAD already had standing under longstanding D.C. Circuit caselaw because MWAA's arbitrary and capricious actions injured its right to a fair procurement, irrespective of contract award. *See* ECF No. 16 at 3–7 (citing, *inter alia*, *Nat'l Mar. Union of Am. v. Commander, Mil. Sealift Command*, 824 F.2d 1228, 1234 (D.C. Cir. 1987)). Now, though, PS IAD has an additional standing "hook" under *Scanwell Laboratories, Inc. v. Shaffer* because MWAA has announced its intent to award the contract to PS IAD's competitor. *See* 424 F.2d 859, 861–73 (D.C. Cir. 1970).

As one court has explained, "[t]he essence of the *Scanwell* doctrine . . . is that an unsuccessful bidder has standing to challenge a *proposed* contract award. . . ." *See Southfork Sys., Inc. v. United States*, 141 F.3d 1124, 1134 (Fed. Cir. 1998) (quotation marks and citations omitted) (emphasis added). Countless courts make clear that a *proposed* award is sufficient injury for standing. *See, e.g.*, *Acuity-CHS Middle E. LLC v. United States*, 173 Fed. Cl. 788, 795 (2024) (unsuccessful bidder may protest "an award *or* proposed award of a contract") (emphasis added); *Eagle Design & Mgmt., Inc. v. United States*, 62 Fed. Cl. 106, 108 (2004) (Tucker Act "confers standing on an 'interested party' objecting to a *proposed* contract or to a *proposed* award . . .") (emphasis added); *Firth Const. Co. v. United States*, 36 Fed. Cl. 268, 271 (1996) ("It is the agency's announced *intention to award* the contract to Dillard which prompts the dispute.") (emphasis added); *Clark Const. Co. v. Pena*, 895 F. Supp. 1483, 1486 (M.D. Ala. 1995) ("the plaintiff, as an unsuccessful bidder, has standing to challenge the defendants' *proposed plan to award* the contract to a third party.") (emphasis added). PS IAD has standing to challenge a proposed award.

MWAA has no relevant caselaw to counter this axiom of bid-protest jurisprudence. Its lone, inapposite citation—*Strata-G Solutions, LLC v. United States*—involved a phased procurement

3

that ranked bidders as "low-confidence, some-confidence, or high-confidence competitor[s]." 178 Fed. Cl. 316, 319 (2025). Bidder Strata-G received a "some-confidence" rating and a "non-binding recommendation" not to continue to phase two of the procurement. *Id.* at 319. The "recommendation," however, was "merely advisory and any offeror—even the most unqualified—[could] continue to phase-two voluntarily; the Department did not block any offeror from moving forward." *Id.* (marks omitted). The Court of Federal Claims concluded that Strata-G lacked standing to object to its "ranking" because the "recommendation merely told Strata-G of its possible chances," but did not prevent it from participating in the procurement's second phase. *See id.* at 321–22.

Strata-G is irrelevant. The case did not feature a proposed award at all, much less one to a specific competitor for a specific amount. Instead, there remained "six high-confidence competitors" as well as the other, less-qualified bidders that were still allowed to participate in the second phase, which had yet to be completed. *Id.* at 322. Here, by contrast, MWAA says it has "completed" evaluation of the two proposals it's received and has announced its intent to award the contract to daa International, not PS IAD. Ex. 1. Under basic principles of bid-protest law, PS IAD "has standing to challenge [the] proposed contract award." *See Southfork Sys., Inc.*, 141 F.3d at 1134.

## II.    MWAA's other futility arguments fail because multiple courts have recognized that MWAA's actions are subject to judicial scrutiny.

MWAA also says "PS IAD does not address that the Airports Authority has moved to dismiss on two other grounds," despite PS IAD predicting that very counterargument in its Motion for Leave to Amend. *Compare* ECF No. 19 at 6–7, *with* ECF No. 16 at 3. PS IAD will not re-plow that motion-to-dismiss ground here. *See* ECF No. 16 at 8–14. Suffice it to say that MWAA's insistence that its actions cannot be reviewed for being arbitrary and capricious or for compliance

with "sound government contracting principles" has been rejected by both the Fourth Circuit and this Court, both of which have allowed such claims to proceed against MWAA. *See Washington-Dulles Transp., Ltd. v. MWAA*, 263 F.3d 371, 376 (4th Cir. 2001); *Washington-Dulles Transp. Ltd. v. MWAA*, 87 F. App'x 843, 849 (4th Cir. 2004); *LTMC/Dragonfly, Inc. v. MWAA*, 699 F. Supp. 2d 281 (D.D.C. 2010). MWAA conducted a procurement rife with arbitrary and capricious decisions that achieved its predetermined aim to award a contract to daa International, in direct contravention of Congress's directive that MWAA "obtain complete and open competition" and "follow sound Government contracting principles." 49 U.S.C. §§ 49104(a)(4), 49106(g). Though the full extent of MWAA's illegal actions will not be known until discovery is conducted, PS IAD has more than met its pleading burden at the motion to dismiss stage, so its motion to amend is not futile.

III.    **PS IAD need not exhaust its newly-filed protest before MWAA in order to amend its complaint in this action.**

MWAA finally argues that it is "futilely premature" for the Court to grant amendment because MWAA should be given the opportunity to complete its inevitable denial of a new, post-award protest filed by PS IAD pursuant to procedures contained in MWAA's Contracting Manual. ECF No. 19 at 7–8. But that separate protest is just that—separate. MWAA's own Contracting Manual conceives of bid-protest challenges to solicitation terms *or* an ultimate evaluation/award. ECF No. 2-4 at 76 §§ 9.2.1, 9.2.2. And, in any event, neither the Enabling Act nor the Contracting Manual mention exhaustion of administrative remedies for protests under the Manual's Section 9, with the Manual instead only noting such a requirement in Section 10, which is inapplicable here. *See* ECF No. 2-4 at 78 (noting that Chapter 10 applies to contracts "funded, in whole or in part, with [Federal Transit Administration] assistance.").

Even if there was some exhaustion requirement in the Contracting Manual, though, the only "futility" here would be PS IAD expecting its new protest to cause MWAA to change its mind on any of these issues. *Nelson v. Blinken*, No. CV 18-1880 (RC), 2023 WL 7156516, at \*4 (D.D.C. Oct. 31, 2023) (quoting *Housing Study Group v. Kemp*, 739 F. Supp. 633, 639 (D.D.C. 1990)) ("The futility exception to exhaustion 'excuses a party from exhausting administrative remedies where resort to the administrative process would be futile.' "). As MWAA puts it, "PS IAD's protest before the Airports Authority and its action before the Court concern essentially identical issues"—*i.e.*, issues that MWAA has already reviewed and rejected before, over and over again. ECF No. 19 at 8.  Because MWAA "will almost certainly deny any relief . . . because it has a preconceived position on . . . the matter," PS IAD's "[r]esort to the administrative process"—not its requested amendment in this case—"is futile." *Nelson*, 2023 WL 7156516, at \*4 (quotation marks and citation omitted).[1]

## CONCLUSION

PS IAD offers a commonsense amendment to its pleadings to alleviate a concern held by the Court regarding its jurisdiction. MWAA's resistance to the amendment—premised solely on the alleged futility of the amendment—is legally flawed and should be rejected under Rule 15's liberal standard. PS IAD respectfully requests that the Court grant its motion for leave to amend.

**RESPECTFULLY SUBMITTED** this the 17th day of June, 2026.

**THE PRIVATE SUITE IAD, LLC**

*/s/ R. Sumner Fortenberry*
Andrew J. Narod (D.C. Bar No. 1006083)
Erik M. Coon (D.C. Bar No. 1656075)

---

[1] To the extent that the Court finds MWAA's exhaustion argument persuasive (and it should not), PS IAD respectfully requests that the Court withhold ruling on PS IAD's motion until MWAA completes its review process, which should conclude within a matter of weeks if MWAA continues processing the protest at the same speed as it has done throughout its disputes with PS IAD.

Bradley Arant Boult Cummings LLP
1900 K Street, NW
Suite 800
Washington, D.C. 20006
P: 202.719.8271
F: 202.719.8371
anarod@bradley.com
ecoon@bradley.com

R. Sumner Fortenberry (MS Bar No. 106292)
*Admitted Pro Hac Vice*
Bradley Arant Boult Cummings LLP
188 E. Capitol St., Suite 1000
Jackson, MS 39202
Tel: (601) 592-9922
Email: sfortenberry@bradley.com

*Attorneys for The Private Suite IAD, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing on all counsel of record on the date set out above.

/s/ *R. Sumner Fortenberry*
R. Sumner Fortenberry

4905-5460-0629.1